110 F.3d 65
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Manh TRAN, Plaintiff-Appellant,
v.
WAYNE STATE UNIVERSITY; J.H. Isaacson; Marilyn Williamson,
et al., Defendants-Appellees,
Harper Hospital, Defendant.
 No. 96-1434.
 United States Court of Appeals, Sixth Circuit.
 March 27, 1997.
 
 Before: BROWN, BOGGS, and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Manh Tran appeals a district court grant of summary judgment for defendants and a district court judgment dismissing his complaint for failure to state a claim upon which relief can be granted in two civil rights actions filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Tran filed an initial complaint in the district court alleging that he was subjected to harassment and ultimately was dismissed from the Wayne State University Medical School for discriminatory reasons. Plaintiff named as defendants the Wayne State University Medical School, the Harper Hospital in Detroit, Michigan, and Dr. J.H. Isaacson, a former faculty member at the medical school, in an unspecified capacity. Plaintiff sought punitive damages and reinstatement to the medical school.
 
 
 3
 Thereafter, the district court granted defendants' motion to require plaintiff to provide a more definite statement of his claims pursuant to Fed.R.Civ.P. 12(e). Plaintiff responded to the district court's order by reiterating the allegations of his complaint and asserting that his claims are: (1) violation of his rights to due process and equal protection; (2) discrimination and harassment due to race, sex and national origin under state and federal civil rights laws; (3) breach of contract by the Wayne State University Medical School; (4) diversity of citizenship jurisdiction; and (5) malicious libel by the individual defendant. Defendant Harper Hospital then moved pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss the complaint for failure to state a claim upon which relief can be granted. The district court granted the motion and dismissed the complaint with respect to defendant Harper Hospital.
 
 
 4
 Next, plaintiff filed a second complaint in the district court again alleging that he was harassed and dismissed from the Wayne State University Medical School for discriminatory reasons. In addition, plaintiff asserted discrimination claims under Title VI and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, et seq. and § 2000e, et seq., and Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681-88. Plaintiff named as defendants six Wayne State University employees in their individual capacities, Harper Hospital and five of its employees individually and in their official capacities, and Dr. Isaacson, individually and in his official capacity. Plaintiff sought compensatory and punitive damages. The case was reassigned to Judge Hackett, before whom the first civil action was pending.
 
 
 5
 Defendants in the second civil action moved the court for summary judgment or for a more definite statement, and the remaining defendants in the first action moved the court to dismiss the complaint or for summary judgment. Plaintiff responded in opposition to the motions, and defendants submitted replies. The district court granted defendants' motions and entered separate judgments in favor of defendants. Plaintiff filed a timely notice of appeal taken from both judgments.
 
 
 6
 Generally, this court will review de novo the dismissal of a complaint for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6). Allard v. Weitzman (In re DeLorean Motor Co.), 991 F.2d 1236, 1239-40 (6th Cir.1993). The court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. Id. at 1240. However, mere conclusions need not be accepted as true under this standard. Ana Leon T. v. Federal Reserve Bank, 823 F.2d 928, 930 (6th Cir.) (per curiam), cert. denied, 484 U.S. 945 (1987). A grant of summary judgment will be reviewed de novo on appeal. Brooks v. American Broadcasting Cos., 932 F.2d 495, 500 (6th Cir.1991). Generally, summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to [a] judgment as a matter of law." Canderm Pharmacal, Ltd. v. Elder Pharm., Inc., 862 F.2d 597, 601 (6th Cir.1988) (quoting Fed.R.Civ.P. 56(c)). Only factual disputes that might affect the outcome of a lawsuit under substantive law are "material." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To be "genuine," a dispute must involve evidence upon which a jury could find for the nonmoving party. Id. The burden is upon the moving party to show "that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Thereafter, the nonmoving party must present significant probative evidence in support of the complaint to defeat the motion. Anderson, 477 U.S. at 249-50. The nonmoving party is required to show more than a metaphysical doubt as to the existence of a genuine issue of material fact. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Here, plaintiff did not establish a prima facie case of discrimination and failed to state a claim upon which relief can be granted under § 1983. See Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 252-53 (1981); McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); Hankins v. Temple Univ., 829 F.2d 437, 443-45 (3d Cir.1987); Lillard v. Shelby County Bd. of Educ., 76 F.3d 716, 724 (6th Cir.1996).
 
 
 7
 Further, plaintiff's assertion that Wayne State University acted fraudulently was not asserted in the district court and should not be considered in the first instance on appeal. See Foster v. Barilow, 6 F.3d 405, 407 (6th Cir.1993). Moreover, the pendent state law claims asserted by plaintiff in the district court have not been raised on appeal and should be deemed abandoned. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992). However, it is noted that these claims are unsupported by any factual basis in any event.
 
 
 8
 For the foregoing reasons, the judgments of the district court are affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.